D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

OSIRIS MOSLEY a/k/a ELCTON MOSLEY;
ROBIN MOSLEY,

                              Plaintiffs,

    -against-

GLENN S. GOORD, et al.,

                              Defendants.

------------------------------------------------------------------x

08-CV-5268 (ARR) (LB)

NOT FOR PRINT OR
ELECTRONIC
PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

On December 22, 2008, *pro se* plaintiffs Osiris Mosley and Robin Mosley commenced this action pursuant to 42 U.S.C. § 1983, principally alleging that defendants wrongfully enforced a mandatory period of post-release supervision following a determinate sentence imposed by the New York County sentencing court. Plaintiffs, no longer subject to the period of post-release supervision at issue, seek declaratory relief against defendants for the allegedly unlawful enforcement of the supervision period, compensatory and punitive damages, as well as costs. Defendants have moved to dismiss plaintiffs' second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, defendants' motion is granted.

## BACKGROUND

In reviewing plaintiffs' submissions, the court is mindful that they are proceeding pro se and that therefore the pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citation omitted); McEachin v.

McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). In the first amended complaint, Dkt. No. 28, plaintiffs makes the following allegations, which must be taken as true for purposes of the motion to dismiss. See generally Roth v. Jennings, 489 F.3d 499, 502 (2d Cir. 2007).

Plaintiffs were each convicted of Attempted Robbery in the Second Degree in Queens County, and Robbery in the Second Degree in New York County. On June 3, 2002, both plaintiffs were sentenced by the Queens County sentencing court on the attempted robbery conviction to a three year determinate prison term, plus one and a half years of post-release supervision. (Second Am. Compl. ("Compl.") ¶ 10-11, 16.) On June 10, 2002, plaintiffs were each sentenced by the New York County sentencing court on their robbery convictions to a three and a half year determinate prison term, to run concurrently to the Queens County sentence. (Compl. ¶ 17.) The New York County sentencing court, however, did not indicate a mandatory term of post-release supervision. (Compl. ¶ 10-11, 17.) Plaintiffs allege that "sometime after" entering the custody of the New York State Department of Correctional Services ("DOCS"), a five year term of post-release supervision was "administratively added to their sentences." (Compl. ¶ 19, 21.) Plaintiffs allege that they were released from DOCS custody on December 4, 2004, and were then subjected to the five year supervision term. (Compl. ¶ 21.) Plaintiffs allege that any imposition of post-release supervision following June 6, 2006, one and one-half years following their release, was unlawful and lacked authority. (Compl. ¶ 22.)

Plaintiff Robin Mosley was re-incarcerated on two occasions for allegedly violating the conditions of his post-release supervision. (Compl. ¶ 11.) Plaintiff Robin Mosley was

2

resentenced by the New York County sentencing court in late 2006 and subsequently released from post-release supervision on February 22, 2007. (Compl. ¶ 11, 24.) Plaintiff Osiris Mosley was resentenced by the New York County sentencing court on April 17, 2007, and was subsequently released from post-release supervision. (Compl. ¶ 10, 24.)

Plaintiffs bring a cause of action under 42 U.S.C. § 1983, alleging a Fourteenth Amendment violation. Plaintiffs allege that due to the imposed term of post-release supervision, they suffered lost wages and benefits, psychological pain, suffering, and mental anguish. (Compl. ¶ 32.) Plaintiffs seek monetary damages and declaratory judgment against defendants. In their motion to dismiss, defendants argue: (1) that plaintiffs' action is barred by the statute of limitations; (2) that plaintiffs have not sufficiently alleged defendants' personal involvement in the alleged constitutional deprivation; (3) that plaintiffs' allegedly wrongful parole supervision was otherwise privileged; and (4) that defendants are entitled to qualified immunity. (Defs.' Mem. at 3-23.)

## DISCUSSION

A. *Standard for Motion to Dismiss*

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004). The complaint's allegations, however, "must be enough to raise a right of relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Only a "plausible claim for relief survives a motion to dismiss." LaFaro v. New York Cardiothoracic Group, PLLC, 570 F.3d 471, 476 (2d

Cir. 2009). Thus courts are "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009) (internal quotation marks omitted).

B. *Statute of Limitations*

For Section 1983 actions in New York, the applicable statute of limitations is three years. See Connolly v. McCall, 254 F.3d 36, 40-41 (2d Cir. 2001); see also Owens v. Okure, 488 U.S. 235, 240-41 (1989). In determining the date of accrual, federal law applies. See Rene v. Jablonski, 2009 WL 2524865, at *5 (E.D.N.Y. Aug. 17, 2009) (citing M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003)). Section 1983 claims generally accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action. Pearls v. City of Long Beach, 296 F.3d 76, 80 (2d Cir. 2002). However, a § 1983 claim "for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994). Defendants argue that plaintiffs knew about the five year post-release supervision term, at the latest, upon their release from DOCS custody on December 3, 2004, and therefore were required to file their claim by December 3, 2007.

Defendant's argument is without merit. Under Heck, the relevant inquiry is not when plaintiffs became aware of the administratively impose PRS term, rather, the relevant inquiry is when the PRS sentence was "invalidated." See Santiago v. Fischer, 2009 WL 3852001, at * 3 (E.D.N.Y. Nov. 19, 2009) (finding the date of accrual in a § 1983 action challenging an administratively imposed PRS to be the date on which plaintiff's habeas petition was granted);

4

Scott v. Fischer, 2009 WL 928195, at * 4 (S.D.N.Y. Mar. 30, 2009) ("Plaintiff's PRS was not vacated until 2007. . . . Consequently, the statute of limitations did not start to run until 2007 and plaintiff's claim is not time barred."). In this case, because there is nothing in the pleadings to suggest that habeas relief was sought, the date of "invalidation" is the date on which plaintiffs were resentenced and the five year PRS term was vacated. See Santiago v. Fischer, 2009 WL 3852001, at * 3 (internal citations omitted). Though not entirely clear from the pleadings, plaintiff Robin Mosley was resentenced by the New York County sentencing court in "late 2006" and subsequently released from post-release supervision on February 22, 2007. (Compl. ¶ 11, 24.) Plaintiff Osiris Mosley was resentenced by the New York County sentencing court on April 17, 2007, and was subsequently released from post-release supervision. (Compl. ¶ 10, 24.) Because plaintiffs filed the instant § 1983 action less than three years after the "late 2006" resentencing, their action is not time-barred.

### C. *Qualified Immunity For Defendants' Pre-Earley Conduct*

Defendants argue that the present action should be dismissed because defendants are entitled to qualified immunity for conduct both prior and subsequent to the Second Circuit's decision in Earley v. Murray, 451 F.3d 71, 76 (2d Cir. 2006), which found the administrative imposition of PRS unconstitutional. Plaintiffs argue that qualified immunity is not available to defendants because the unconstitutionality of administratively imposed PRS had been "clearly established" since the Supreme Court's 1936 decision in Hill v. United States ex rel. Wampler, 298 U.S. 460, 464 (1936). Plaintiffs also argue that defendants are not entitled to immunity for their post Earley conduct. Plaintiffs' arguments are unavailing following the Second Circuit's recent decision in Scott v. Fischer, --- F.3d ----, 2010 WL 2991085 (2d Cir. 2010).

5

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). To determine whether a right is clearly established, courts look to "(1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question, and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful." Scott, --- F.3d ----, 2010 WL 2991085, at * 4 (citing Shechter v. Comptroller of City of N.Y., 79 F.3d 265, 271 (2d Cir.1996)).

In Scott, the Second Circuit held that "it was *not* clearly established for qualified immunity purposes prior to Earley that the administrative imposition of PRS violates the Due Process Clause." Id. at *6 (emphasis added). The plaintiff in Scott learned of her five year PRS term immediately prior to her release from prison in July 2002. Id. at *2. On March 12, 2004, after Scott failed to comply with the terms of her PRS, a parole officer, recommended the issuance of a parole violation warrant for her arrest. Id. Following her October 2006 arrest and a parole revocation hearing held on January 16, 2007, Scott was sentenced to an 18-month term of imprisonment for violation of her PRS. Id. Scott then filed a writ of habeas corpus in state court to challenge her parole revocation, and on August 7, 2007, after she had been incarcerated for some ten months, her writ was granted. Id.

In Scott's subsequent action pursuant to 42 U.S.C. § 1983, defendants moved to dismiss on various grounds, including qualified immunity, which the district court granted. The Second Circuit stated that while Earley had found that "[t]he state court's determination that the addition to Earley's sentence by DOCS was permissible is [ ] contrary to clearly established federal law

as determined by the United States Supreme Court," such a finding "does not require a conclusion that it was 'clearly established' in the qualified immunity context, which governs the conduct of government officials who are likely neither lawyers nor legal scholars." Id. at *5 (citations omitted). Additionally, New York law made PRS a mandatory part of sentences for specified crimes of violence, see N.Y. Penal Law § 70.45, and the Scott Court found that it is a well-established "general principle that, absent contrary direction, state officials and those with whom they deal are entitled to rely on a presumptively valid state statute, enacted in good faith and by no means plainly unlawful." Id. at *6 (citing Lemon v. Kurtzman, 411 U.S. 192, 208-09 (1973)).

Thus, in this case, to the extent plaintiffs challenge the administrative imposition of PRS sometime before December 4, 2004, all defendants are entitled to qualified immunity because the right to be free from an administratively imposed period of PRS was not "clearly established" at that time. Id. Accordingly, defendants' motion to dismiss those portions of plaintiffs' complaint relating to the imposition of PRS is granted.

D. *Plaintiffs' Post-Earley Allegations*

Plaintiffs also challenge the continuation of PRS from the time of the Second Circuit's decision in Earley until their respective releases from PRS in late 2006 (Robin Mosley) and April of 2007 (Osiris Mosley). See Pls.' Supplemental Affirmation, Dkt. No. 47, ¶ 5 (". . . due to defendants policy an enforcement of the illegal policy the plaintiffs remained under the custody of the state past this date and well beyond June 9, 2006, the date Earley was decided by the Second Circuit."); Pls.' Mem. in Opp. at 5 ("Thus, when defendants discovered the oversight made by plaintiffs sentencing judge, the proper course would have been to inform the state of the

7

problem . . . . The state then could have moved to correct the sentence through a judicial proceeding . . . ."). Defendants argue that because the New York courts continued to find the practice of administratively imposed PRS constitutional until 2008, qualified immunity applies to defendants post-Earley conduct as well. See Garner v. N.Y. State Dep't of Corr. Servs., 39 A.D.3d 1019, 831 N.Y.S.2d 923 (3d Dep't 2007); People v. Thomas, 35 A.D.3d 192, 826 N.Y.S.2d 36 (1st Dep't 2006).[1]

In Scott, the Second Circuit did not decide "precisely when it became clearly established that the administrative imposition of PRS, even when statutorily mandated, is unconstitutional." Id. However, the court found that Scott had not sufficiently pled a claim that DOC defendants: (1) violated her due process rights by failing to take action to remove her PRS and quash her warrant after Earley was decided; (2) violated her constitutional rights in connection with her parole violation hearing after her arrest for non-compliance with her PRS; and (3) violated her Due Process rights by not taking action to release her from custody after she was sentenced to eight months' incarceration for violating the terms of her PRS. Id. at *7-9. The court found that "Scott has not pleaded facts giving rise to a clearly established affirmative legal obligation on the part of the DOC defendants to take any of the actions that Scott alleges thy failed to take." Id. at *7. In this action, with respect to the DOCS defendants, plaintiffs similarly fail to allege a duty on the part of any defendants to either notify the state or move to resentence plaintiffs prior to the enactment of N.Y. Corr. Law. § 601-d in 2008. See Id. at *9 ("Under New York law, DOC was not obligated affirmatively to seek resentencing for defendants with administratively-imposed

---

[1] In 2008, the New York Court of Appeals held that administrative imposition of PRS by DOC violated the Due Process Clause. See Garner v. N.Y. State Dep't of Corr. Servs., 10 N.Y.3d 358, 859 N.Y.S.2d 590 (2008); People v. Sparber, 10 N.Y.3d 457, 859 N.Y.S.2d 582 (2008). Two months later, the New York State Legislature created a statewide statutory "framework" for resentencing or otherwise handling the cases of inmates who had received administrative imposition of PRS, thereby imposing an affirmative duty on the part of government officials to resentence or release such inmates. N.Y. Corr. Law. § 601-d (2008). See also Scott, --- F.3d ----, 2010 WL 2991085 at *6.

PRS until 2008, when New York Correction Law § 601-d became effective. . . ."); see also Santiago, 2009 WL 3852001, at * 6 ("The remedy established by the Court of Appeals . . . and codified in Correction Law § 601-d (effective June 30, 2008, over two months before plaintiff's arrest), called for persons in plaintiff's position to be resentenced."). Because plaintiffs were resentenced and released from PRS prior to 2008, they have failed to show that the DOCS defendants violated a duty to act, and thus, their claim fails. See Scott, --- F.3d ----, 2010 WL 2991085 at *7 ("A claim for failure to act is cognizable only in the presence of a corresponding duty to have acted.") (citations omitted). Similarly, plaintiffs have failed to allege that the named parole officers or supervisors in the Division of Parole, or the named Superintendants and records coordinators at the facilities of incarceration, either knew of the improperly applied term of PRS, or had a duty to notify the state or separately move to resentence plaintiffs. Accordingly, plaintiffs' claims with respect to the period of PRS following Earley are dismissed.

Because defendants are entitled to qualified immunity with respect to their pre-Earley conduct, and because plaintiffs have failed to state a claim with respect to defendants' post-Earley conduct, I need not reach defendants' remaining arguments.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the complaint is granted. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　Allyne R. Ross
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:	August 10, 2010
	Brooklyn, New York

**SERVICE LIST:**

**Plaintiffs (Pro Se):**

Osiris Mosley
a/k/a Elton Mosley
# 09-A-2688
Woodbourne Correctional Facility
99 Prison Road, P.O. Box 1000
Woodbourne, NY 12788-1000

Robin Mosley
33 Manaco Place, Apt.# 3
Brooklyn, NY 11233

**Defendants**

Michael J. Keane
Office Of The Attorney General
State of New York
120 Broadway
New York, NY 10271